UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| J. L. B., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-367 |
| | § | |
| AMO (HANGZHOU) CO. LTD., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are three pending motions:  (1) "Defendant Mix's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (D.E. 10, 11); (2) "Plaintiff's Motion for Leave to Amend Complaint, Subject to Plaintiff's Motion for Remand" (D.E. 24); and (3) "Plaintiff's Motion for Remand" (D.E. 25).  For the reasons stated below, Defendant Mix's Motion to Dismiss is **GRANTED**; Plaintiff's Motion for Leave to Amend is **DENIED**; and Plaintiff's Motion for Remand is **DENIED**.

In his motion, Defendant Jack Mix states that the Plaintiff's pleadings fail to state a claim against him, individually.  He also states that, because he was not the store manager at the time, he was improperly joined and Plaintiff cannot recover against him. The Court agrees with both arguments.  The Plaintiff's pleadings are insufficient to state a claim that survives the limits on cases against corporate employees as defined by *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996) and its progeny.  There is no pleading of a duty owed by Defendant Mix or any store manager to Plaintiff that is independent of the employer, Walgreen Company's, duty to its customers.

The evidence is also undisputed that Defendant Mix was not employed as store manager at the time of the incident made the basis of this lawsuit.  The Court finds that the Manta website information is not sufficiently reliable to allow for the Court to take judicial notice of its content and it is thus "no evidence" of Defendant Mix's employment.  Given Defendant Mix's clear and unequivocal affidavit regarding where he was employed at the time of the incident, he could not have been managing the store that sold the subject product.  Defendant Mix's Motion to Dismiss (D.E. 10, 11) is **GRANTED** and Plaintiff's claims made against Defendant Mix are **DISMISSED WITH PREJUDICE**.

Plaintiff seeks to amend his complaint in order to substitute the actual store manager employed by Walgreen Company at the time of the incident in place of Defendant Mix.  Plaintiff has not addressed the substantive defects in the complaint with respect to suit against a store manager in light of *Leitch v. Hornsby*.  The Court thus finds that amendment to name a different store manager will not cure the problems with the complaint.  Because the amendment would be futile, the Plaintiff's Motion for Leave to Amend (D.E. 24) is **DENIED**.

Plaintiff further seeks remand on the basis that inclusion of the store manager defeats diversity jurisdiction.  As the rulings set out above leave the Plaintiff without a non-diverse defendant, the Plaintiff's Motion to Remand (D.E. 25) is **DENIED**.

ORDERED this 12th day of January, 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE